IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| DONALD HOLDEN, ) | CIVIL NO. 2:04-21945-18 |
| ) | CRIMINAL NO. 2:94-589 |
| Petitioner, ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

## BACKGROUND

On February 15, 1995, Donald Holden ("Holden" or "defendant"), Leonard Moultrie, Sr., and three others were charged in a 14 count Superseding Indictment with seven counts alleging: (1) his participation in a conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846 (Count 1); (2) three substantive offenses involving the possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts 3-5); (3) his participation in a conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count 12); and (4) two substantive money laundering offenses, in violation of 18 U.S.C. §§ 1956(a)(1) or 1957, an 18 U.S.C. § 2 (Counts 13 and 14).

On September 9, 1996, Holden pled guilty to Counts 1 and 12. In a Plea Agreement filed that same day, the Government agreed in paragraph 5 to dismiss the remaining counts of the Superseding Indictment. In paragraph 6 the Government agreed

1

"that no information will be filed pursuant to 21 U.S.C. § 851 seeking an enhanced penalty based on a prior drug conviction." Holden stipulated and agreed in the following paragraph "that the quantity of cocaine involved is at least 5 kilograms but less than 15 kilograms."

After the preparation of a Presentence Investigation Report, the probation officer recommended that his guideline range for imprisonment was 151 to 188 months, based upon a total offense level of 29 and a criminal history category of VI. Holden appeared for sentencing on January 29, 1997, and this Court lowered his criminal history category to V, with a resulting guideline range of 140 to 175 months. The defendant was sentenced to concurrent terms of imprisonment of 168 months and a five year term of supervised release, and was ordered to pay special assessments totaling $200.

Holden appealed to the Fourth Circuit Court of Appeals. In March 1998, Holden's lawyer submitted a brief pursuant to Anders v. California, 386 U.S. 738 (1967), representing on page 7 "that this appeal is wholly void of merit based on the record particularly the sentencing transcript." As counsel further stated on that same page, "all of the elements regarding the computation of the sentence and the resulting guideline range were stipulated to between the parties. This means that the guideline range was fixed by the agreement of the parties and that the Appellant cannot, in good faith, challenge those stipulations . . ." On page 8, counsel represented that "[t]he only issue that could be raised on direct appeal is that the judge abused his discretion in sentencing Defendant to the high end of the guideline," and concluded on the following page that

2

there had been no abuse of discretion on that issue.  Holden declined an opportunity to submit a pro se supplemental brief.  The Fourth Circuit affirmed this court in an unpublished per curiam opinion decided on April 27, 1998.  The Mandate was filed on May 19, 1998.

On August 20, 2004, the defendant filed the instant Motion to Vacate, Set Aside or Correct Sentence Pursuant to Title 28 U.S.C.A. Sec. 2255.

On January 20, 2005, the Government submitted its response to the Motion, opposing the relief requested therein, and urged this court to dismiss the Motion.  A Roseboro order was filed on January 12, 2005 and sent to Holden.  No response to the Government's Motion to Dismiss has been filed.

## ANALYSIS

Holden's current motion is barred from review by the one-year statute of limitation period set forth in 28 U.S.C. § 2255.[1]  For the purpose of starting the clock on the one-

---

[1]  A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
   (1)  the date on which the judgment of conviction becomes final;
   (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
   (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

year limitation period for filing a § 2255 petition, "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Clay v. United States, 537 U.S. 522, 525 (2003). The judgment of the Fourth Circuit affirming Holden's conviction and sentence took effect on May 19, 1998. The time for submitting a petition for a writ of certiorari expired 90 days after entry of that judgment. Id. Under Clay, his one-year limitation period began on August 17, 1998, since Holden has shown no reason why any of the other three subsections should apply.[2] Since Holden's motion was filed more than five years after the limitation period expired, the Motion is time-barred and should be dismissed.

Now, therefore the Government's Motion to Dismiss is **GRANTED**.

**AND IT IS SO ORDERED**.

s/David C. Norton
DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

MAY 12, 2005
Charleston, SC

---

[2] With respect to the second through fourth triggering events, Holden has not asserted that he was prevented from submitting the Motion because of an impediment created by the Government.

4